UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BRIAN WHITAKER**,

Plaintiff,

v.

**STARBUCKS CORPORATION, ET AL.**,

Defendants.

Case No. 19-cv-07182-YGR

**ORDER DENYING DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS**

Re: Dkt. No. 10

Plaintiff Brian Whitaker brings this action against defendants Starbucks Corporation ("Starbucks") and Does 1-10. Whitaker alleges two causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. section 12101, *et. seq.*; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code. Sections 51-53 ("Unruh Act").

Now pending before the Court is Starbucks' motion to dismiss Whitaker's complaint pursuant to Rule 12(b)(1) and (b)(6). (Dkt. No. 19.) Having carefully considered the pleadings and the papers submitted,[1] and for the reasons set forth more fully below, the Court hereby **DENIES** the motion.

The Court is guided by established precedent in the Rule 12(b) context: a complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, under Rule 8, a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the

---

[1] The Court has reviewed the papers submitted by the parties in connection with Starbucks' motion to dismiss. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for February 18, 2020.

pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Based on the Court's analysis, it concludes that the motion to dismiss is without merit on three grounds. First, the Court finds that the allegations in the complaint, although brief, sufficiently meet the notice pleading requirements under the Federal Rules to state claims for relief under the ADA and Unruh Act. "Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation," a plaintiff is required to plead the allegedly non-compliant architectural features at the facility. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 902, 908 (9th Cir. 2011). *See also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (holding that plaintiff is required to allege specific barriers that existed at the store). Here, Whitaker did, in fact, allege and identify that the barriers at issue at the location are the lack of accessible dining surfaces. (Dkt. No. 1 at ¶¶ 11, 13.)

Second, to the extent that Starbucks has concerns regarding the specific obstacles encountered at the identified Starbucks location, the Court's local rules and orders squarely address such concerns. Both General Order 56 and the operative Initial Case Management Scheduling Order for Cases Asserting Denial of Right of Access under the ADA (Dkt. No. 5) provide for and require the parties to conduct an inspection of the premises.

Finally, the Court notes that Starbucks' reliance on unpublished disposition, while persuasive, is not binding on this Court. While Starbucks is permitted to cite to such authority, the Court cautions Starbucks on overly relying on such authority in its arguments. *See* Kozinski, Alex and Stephen Reinhardt, "Please Don't Cite This!", CALIFORNIA LAWYER, 81, June 2000 ("Based on our combined three decades of experience as Ninth Circuit judges, we can say with confidence that citation of memdispos is an uncommonly bad idea. We urge lawyers to drop it[.]").

Accordingly, Starbucks' motion to dismiss is **DENIED**. Defendants shall answer the complaint within **twenty-one (21) days** of this order. A Case Management Conference shall be set for **Monday, March 16, 2020** at **2:00 p.m.** in Courtroom 1 of the Federal Courthouse located at 1301 Clay Street in Oakland, California. Finally, in light of the issuance of this Order, the motion hearing set for February 18, 2020 is **VACATED.**

This Order terminates Docket Number 10.

**IT IS SO ORDERED.**

Dated: February 11, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**